UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROBERT DEYARMETT                                                                       PETITIONER

VERSUS                                                   CIVIL ACTION NO. 1:15CV165-LG-RHW

MISSISSIPPI DEPARTMENT OF CORRECTIONS et al                      RESPONDENT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Robert Deyarmett filed on May 28, 2015, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. [1]. Respondent filed a motion to dismiss based on Deyarmett's failure to exhaust state remedies. Doc. [14]. Deyarmett was convicted in the Circuit Court of Hancock County on two counts of touching a child for lustful purposes. Doc. [14-1]. He is serving a 15-year prison term in the custody of the Mississippi Department of Corrections. *Id.* Deyarmett filed a direct appeal from the judgment of conviction and sentence. *Deyarmett v. State of Mississippi*, 145 So.3d 710 (Miss.Ct.App. 2013). On November 19, 2013, the Mississippi Court of Appeals affirmed the judgment of the circuit court. *Id.* The Mississippi Supreme Court then denied his petition for writ of certiorari on June 6, 2014. Doc. [14-2] at 5.

Respondent argues that Deyarmett has not filed an application for post-conviction relief in state court; therefore, he has not exhausted available state remedies. "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Section 2254 provides in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that... the applicant has exhausted

the remedies available in the courts of the State." § 2254(b)(1)(A).  Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c).  In order to exhaust, prisoners must give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate review process prior to filing in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  The Mississippi Uniform Post-Conviction Collateral Relief Act provides an available procedure in state court.  *See* Miss. Code Ann. § 99-39-1 *et seq.*

In the motion to dismiss, Respondent represents that Mississippi Supreme Court records confirm that Deyarmett has not filed an application seeking post conviction relief.  Doc. [14] at 3.  Consistent with this representation, Deyarmett indicates that he did not raise any of his claims through a post-conviction motion or petition for habeas corpus in the state trial court.  Doc. [10] at 5, 7, 9-10.  In response to the motion to dismiss Deyarmett does not dispute the fact that he has not filed an application for post-conviction relief; however, he argues that he "has fairly presented his claims to the highest state court of Mississippi" because he filed a petition for writ of certiorari in Cause No. 2012-CT-01802-SCT.  Doc. [16] at 6.  Respondent acknowledges that Deyarmett filed the petition for writ of certiorari.  Nevertheless, there is nothing in the record demonstrating that Deyarmett has exhausted state remedies by filing an application for post-conviction relief.  Hence he still had an available state remedy that he did not pursue prior to filing the instant § 2254 petition.  On May 7, 2015, Deyarmett filed a "Notice of Motion" in the Mississippi Supreme Court requesting that the state court toll the one-year statute of limitations for federal habeas review.  Doc. [14-3].  In support of his motion, Deyarmett attached an

application for post-conviction relief which he stated was not yet complete. He further stated his intention to file a completed application for post-conviction relief at some point in the future. On May 12, 2015, the Mississippi Supreme Court denied the motion as not being properly before the court. Doc. [14-4]. Shortly thereafter, on May 28, 2015, Deyarmett filed the instant § 2254 petition. Doc. [1]. According to Respondent, as of August 12, 2015, Deyarmett had not filed an application for post-conviction relief in state court.

While Deyarmett's failure to exhaust available state court remedies warrants dismissal of a federal habeas corpus petition under § 2254(b)(1) and (c), the decision by the United States Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005) provides federal district courts with the discretion to hold a habeas petition in abeyance while a petitioner exhausts his claims in state court. However, the Supreme Court in *Rhines* cautioned that "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. It is only appropriate when the district court determines that there was good cause for petitioner's failure to exhaust and where the unexhausted claims are not plainly meritless. *Id.* Deyarmett's petition is silent as to why he failed to exhaust state remedies as to any of his claims. His petition does not meet the *Rhines* standard because he has failed to provide any reason for allowing his habeas petition to be held in abeyance while his claims are exhausted.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [14] Motion to Dismiss be GRANTED and that Deyarmett's 28 U.S.C. § 2254 petition be dismissed for failure to exhaust.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 4th day of January, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE