IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT WAYNE DeYARMETT**                                                  **PETITIONER**

v.                                                                                    CAUSE NO. 1:15CV165-LG-RHW

**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS, ET AL.**                                                       **RESPONDENT**

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND GRANTING MOTION TO DISMISS

**BEFORE THE COURT** is the Report and Recommendation [24] entered by United States Magistrate Judge Robert H. Walker. He recommends that the Motion to Dismiss [14] filed by the respondents should be granted and that Robert Wayne DeYarmett's petition for a writ of habeas corpus should be dismissed without prejudice for lack of exhaustion. DeYarmett has filed an objection to the Report and Recommendation. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Report and Recommendation should be adopted as the opinion of this Court, the Motion to Dismiss [14] filed by the respondents should be granted, and DeYarmett's petition should be dismissed without prejudice.

### DISCUSSION

DeYarmett was convicted in the Circuit Court of Hancock County, Mississippi, of two counts of touching a child for lustful purposes. He appealed the conviction, challenging the sufficiency of the evidence and the weight of the evidence. On November 19, 2013, the Mississippi Court of Appeals affirmed the conviction. DeYarmett filed a petition for a writ of certiorari, which was denied on August 13,

2014. DeYarmett filed a motion seeking an extension of time to petition for habeas relief in federal court. That motion was denied by the Mississippi Supreme Court on May 12, 2015. DeYarmett does not dispute that he has not filed an application for post-conviction relief in state court.

DeYarmett filed his habeas petition on May 28, 2015, asserting the following grounds for relief: (1) the State of Mississippi has failed to provide an adequate legal library, reasonable access to the Courts, and equal protection as guaranteed by the First and Fourteenth Amendments; (2) the State and county violated his right to compulsory process for obtaining witnesses and his right to due process; (3) "the Justice Court Judge who ordered the body search was not neutral making the order illegal and should therefore be [dismissed]"; and (4) his DNA should not have been allowed as evidence at his trial, because he was forced to provide a DNA sample even though there was no arrest warrant or search warrant. This Court entered an Order [11] dismissing ground one of DeYarmett's petition, because ground one raised a conditions of confinement claim that was not the proper subject of a habeas petition.

The Respondents have filed a Motion to Dismiss the remaining grounds of DeYarmett's petition, asserting that DeYarmett failed to exhaust available state court remedies. Judge Walker has entered a Report and Recommendation proposing that this Court should grant the Motion to Dismiss.

DeYarmett has filed an objection, asserting that the Mississippi Supreme Court has had an opportunity to consider all of the issues he has presented in his habeas petition, because he filed a petition for a writ of certiorari with the Mississippi

-2-

Supreme Court that addressed his habeas claims.

Federal courts are prevented from granting habeas relief unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). "Exhaustion requires that a petitioner first present the substance of his federal claims to the highest state court either through direct appeal or by state collateral review procedures." *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Therefore, a petitioner must raise his habeas claims "in each appropriate state court, including the state intermediate court of appeal in addition to the state's highest court" in order to exhaust his habeas claims. Brian R. Means, Federal Habeas Manual §9C:23 (2015). "[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered . . ., [r]aising the claim in such a fashion does not . . . constitute fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

DeYarmett attempted to raise some of the issues presented in his habeas petition in a petition for writ of certiorari, but none of the issues were raised before the trial court or the Mississippi Court of Appeals. The Mississippi Supreme Court has held that it cannot consider any issues that are raised for the first time in a

petition for certiorari. *Lovett v. Delta Reg'l Med. Ctr.*, 157 So. 3d 88, 90 (¶6) (Miss. 2015). Therefore, DeYarmett did not fairly present his claims in each appropriate state court, and he did not exhaust his available state court remedies.

As a result of DeYarmett's failure to exhaust state remedies, this Court has the discretion to either dismiss or stay his habeas petition. As Judge Walker correctly noted in his Report and Recommendation, a stay is only appropriate when there is good cause for the petitioner's failure to exhaust his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). After reviewing DeYarmett's objection and the record in this matter, the Court finds that good cause did not exist for DeYarmett's failure to exhaust. As a result, Judge Walker's recommendation that DeYarmett's petition should be dismissed without prejudice is adopted as the opinion of this Court. The respondents' Motion to Dismiss is granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation [24] entered by United States Magistrate Judge Robert H. Walker is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Dismiss [14] filed by the respondents is **GRANTED**. Robert Wayne DeYarmett's petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 18th day of February, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE